IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Danny Rayburn Smith, | ) | Civil Action No.: 8:10-cv-01389-RBH |
| a/k/a Danny R. Smith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Palmetto Cremation Service; | ) | |
| Terry McBride, Funeral Director; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a federal prisoner proceeding *pro se*, filed this action on May 26, 2010.[1]

Plaintiff is currently incarcerated at FCI-Edgefield, in Edgefield, South Carolina.

This matter is before the Court with the [Docket Entry 10] Report and Recommendation

of United States Magistrate Judge Bruce H. Hendricks[2] filed on June 17, 2010. In her Report, the

Magistrate Judge recommended that the Court should "dismiss the Complaint in this case

*without prejudice* and without issuance and service of process." Report at 6. Plaintiff

subsequently timely filed a response (docketed as objections) to the Report. *See* Obj. [Docket

Entry 12].

### Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation

has no presumptive weight. The responsibility to make a final determination remains with the

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

[2] This matter was automatically referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C.

court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In her Report, the Magistrate Judge recommends dismissal of this action for lack of jurisdiction.  First, the Magistrate Judge found that "[t]his Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because Plaintiff clearly alleges in the Complaint that he and both Defendants are residents of the State of South Carolina." Report at 3-4 (citing Compl. [Docket Entry 1] at 1).  Second, the Magistrate Judge found that "the Complaint does not state a claim cognizable under this Court's 'federal question' jurisdiction." Report at 4.  More specifically, "Plaintiff's claims of constitutional violations by Defendants should be disregarded in this case because purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment." *Id.* at 5.

2

In his Response, Plaintiff appears to agree with the Magistrate Judge's determination regarding jurisdiction and recommendation of dismissal. Plaintiff stated the following: "The Plaintiff would not ask this court to do any unjust or manipulation of any of the rules of the United States to show jurisdiction to this case. The Plaintiff is pleased with the decision of the court in this case."[3] Obj. at 1.

Accordingly, based on the Court's own review of the record and Plaintiff's agreement with the Magistrate Judge's recommendation, the Court shall dismiss this case without prejudice.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the Court adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 14, 2010

---

[3] Plaintiff also asks this Court to "refer this case under the jurisdiction of the United States District Court for processing and filing said case, to the Superior Court [of South Carolina] for processing and filing for jurisdiction." Obj. at 2. The Court notes that this action is being dismissed *without prejudice* to Plaintiff's right to thereafter re-file this action in the proper State court.